UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORTEGOZA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PETER KHO, M.D., *et al.*,<br><br>　　　　Defendants. | Case No. 12-cv-529-L(KSC)<br><br>**ORDER RE: ORDER TO SHOW CAUSE** |

　　　Plaintiffs Frank Ortegoza and Portia Ortegoza—who have been married and have children together—jointly filed a complaint in the San Diego Superior Court that was eventually removed to this Court. Due to procedural irregularities, this action was removed under the presumption that there are two operative complaints.

　　　On October 9, 2012, the Court issued an Order to Show Cause ("OSC") seeking an explanation why there is not a single operative complaint in this action, but also inviting Plaintiffs to illuminate the Court with any legal authority to justify allowing them to continue with two independent operative complaints in this case. Plaintiffs jointly responded to the OSC, and Defendant Peter Kho, M.D. also individually responded. This order addresses the issue presented in the OSC.

## I.   PROCEDURAL HISTORY

On April 26, 2011, Plaintiffs jointly filed a complaint in the San Diego Superior Court. Then, on August 22, 2011, Plaintiffs filed a First Amended Complaint ("FAC").

On December 6, 2011, Mr. Ortegoza and Mrs. Ortegoza separately filed a Notices of Disassociation of Counsel. On the same day, Mrs. Ortegoza filed a separate Second Amended Complaint ("SAC") that only applies to her. Based on the exhibits included in the Notice of Removal, Defendant Peter Kho, M.D. filed separate demurrers challenging both Plaintiffs' FAC, which only Mr. Ortegoza opposed, and Mrs. Ortegoza's SAC, which only she opposed.

On March 1, 2012, Defendants Mr. Kho and the United States of America removed this action to this Court. (Doc. 1.) Curiously, at the time of removal, it appears the parties were proceeding under the presumption that there are two operative complaints. Defendants even filed two answers, responding separately to Plaintiffs' FAC and Mrs. Ortegoza's SAC. (Docs. 3, 4.) A little over month later, this case was reassigned to this Court pursuant to this District's Low-Number Rule.

On October 9, 2012, Mr. Ortegoza and Mrs. Ortegoza filed separate motions for leave to filed amended complaints. On the same day, the Court ordered Plaintiffs to show cause why, in light of the general rule discussed above, there should not be a single operative complaint in this matter despite being represented by separate counsel even though Plaintiffs allege claims that are not mutually exclusive, and why one of the plaintiffs should not have filed a complaint under a new separate action. Otherwise, Plaintiffs were ordered to provide legal authority that the Court may proceed in an action that contains two operative complaints. Plaintiffs jointly filed a response to this OSC, and Dr. Kho also individually filed a response.

## II.   ANALYSIS

As a general rule, "[an] amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th Cir. 2011) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). All claims voluntarily dismissed but not repled in the amended complaint are waived. *Lacey v. Maricopa Cnty.*, — F.3d —, 2012

WL 3711591, at *21 (9th Cir. 2012). Moreover, this general rule is stated broadly, discussing complaints generally rather than splitting hairs about complaints belonging to one plaintiff as opposed to another. *See Lacey*, 649 F.3d at 1137. Here, Mrs. Ortegoza voluntarily filed an amended complaint, which may have rendered the FAC non-existent.

In their response, Plaintiffs attempt to distinguish the cases that the Court cited in its OSC regarding the general rule that amended complaints supersede any prior complaints. (*See* Pls.' Resp. 3:9–24.) Ultimately, they conclude that this general rule does not apply here. Plaintiffs continue that Mr. Ortegoza's claim in Plaintiffs' FAC cannot be waived or superseded by Mrs. Ortegoza's subsequent SAC because he did not intentionally relinquish his right to assert the claim contained in the FAC. To support that contention, Plaintiffs cite *Interstate Fire & Casualty Company v. Underwriters at Lloyd's, London*, 139 F.3d 1234 (9th Cir. 1998). Specifically, they rely on and quote the proposition that "[w]aiver is the intentional relinquishment of a known right, and 'must be manifested in an unequivocal manner.'" *Interstate Fire & Cas.*, 139 F.3d at 1237. Plaintiffs also cite *Katz v. Realty Equities Corporation of New York*, 521 F.2d 1354 (2d Cir. 1975), and *In re Equity Funding Corporation of America Securities Litigation*, 416 F. Supp. 161 (C.D. Cal. 1976), to support their contention that ordering consolidation would be improper. Plaintiffs do not, however, provide any affirmative legal authority contradicting the general rule that shows that plaintiffs may proceed under separate operative complaints in a single action.

To begin, *Interstate Fire & Casualty* does not provide any guidance as to whether the Court may permit parties within the same action to proceed under independent complaints. *See Interstate Fire & Cas.*, 139 F.3d at 1237. That case did not discuss the effect of subsequent complaints on previously filed ones. *See id.* Rather, that case addressed, among other things, whether the statement that the plaintiff would be "closing [his] file" upon the conclusion of the settlement was an unequivocal waiver of the plaintiff's earlier reservation of its rights to question coverage or reallocation of any settlement money spent. *Id.* That is not the case here. *See id. Interstate Fire & Casualty* also did not involve a subsequent complaint or even a co-plaintiff. *See id.* More importantly, it discussed a substantive legal issue under Oregon law

regarding waiver of rights, whereas the issue here is purely procedural. *See id.* (citing *Hohnman v. Bartel*, 128 Or. App. 384, 387 (1994)). Simply put, waiver as presented by Plaintiffs does not apply here.

Moving on, Federal Rule of Civil Procedure 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in ths actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Assuming that Plaintiffs' separate complaints are separate actions under this rule, a cursory review of Mr. Ortegoza's Proposed Second Amended Complaint and Mrs. Ortegoza's SAC shows that there is no question here that there are common questions of fact and law.[1] Plaintiffs' claims all arise from Dr. Kho's provision of medical services to Plaintiffs, and Dr. Kho's "improper sexual relationship" with Mrs. Ortegoza. Furthermore, Plaintiffs both assert a medical-malpractice claim based on Dr. Kho's medical services and sexual relationship. Therefore, applying Rule 42(a), the Court finds that there are common questions of law and fact that permit it to order the consolidation of the separate complaints in this action.

Alternatively, there is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (internal quotation marks omitted). "[A]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (quoting *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam)) (internal quotation marks omitted). Applying this inherent power—and in light of the fact that Plaintiffs are clearly capable of filing jointly, demonstrated by their joint response to this OSC—the Court finds it appropriate to proceed

---

[1] Mr. Ortegoza and Mrs. Ortegoza filed separate motions for leave to file amended complaints. The former included a proposed complaint with his motion, whereas the latter did not. The Court also notes that Mr. Ortegoza's proposed complaint lists Mrs. Ortegoza as a party to his proposed complaint in Paragraph 2.

under a single consolidated operative complaint.[2]

### III.    CONCLUSION & ORDER

Plaintiffs fail to provide any affirmative legal authority to justify allowing them to proceed with two separate operative complaints in this case. Applying the general rule regarding amended complaints, the Court finds that Mrs. Ortegoza's SAC superseded Plaintiffs' FAC, rendering that FAC non-existent. *See Lacey*, 649 F.3d at 1137. Therefore, if Mr. Ortegoza wishes to pursue his medical-malpractice claim, Plaintiffs must jointly request leave from the Court to file an amended complaint.[3]

In light of the foregoing, the Court hereby:

(1)    **TERMINATES** Plaintiffs' separate pending motions for leave to file amended complaints (Docs. 33, 34); and

(2)    **ORDERS** Plaintiffs to file a single consolidated motion for leave to file a consolidated Third Amended Complaint, with a consolidated Proposed Third Amended Complaint attached to that motion.

Once Plaintiffs are ready to file their motion, they shall contact the Court for a new hearing date. If Plaintiffs are unable or unwilling to seek leave to file a Third Amended Complaint by **November 26, 2012**, then the Court will dismiss this action in its entirety without prejudice, and at that point, Plaintiffs may choose to prosecute their claims in separate actions.

**IT IS SO ORDERED.**

DATED: October 23, 2012

M. James Lorenz
United States District Court Judge

---

[2] The Court also agrees with Mr. Kho's contention that "[Plaintiffs'] respective counsel had a duty to consult with one another regarding the implications of [Mrs. Ortegoza] filing a Second Amended Complaint in the single lawsuit where both their clients were parties." (Def.'s Resp. 3:15–19.)

[3] The Court rejects all of Mr. Kho's arguments urging the Court to dismiss Mr. Ortegoza from this action with prejudice because those arguments are outside the scope of the OSC.