UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORTEGOZA, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>PETER KHO, M.D., *et al.*,<br><br>        Defendants. | Case No. 12-cv-00529-L-KSC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REMAND [DOC. 82]** |

Plaintiffs Portia Ortegoza and Frank Ortegoza, who were married at all times relevant to this complaint, were both patients of Defendant Peter Kho, M.D.. This action arises from Dr. Kho's extramarital relationship with Mrs. Ortegoza.

Pending before the Court is Dr. Kho's motion to remand. [Doc. 82-1.] The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). [Doc. 86.] For the following reasons, the Court **DENIES** Dr. Kho's motion for remand. [Doc. 82-1.]

//

I. **BACKGROUND**[1]

Portia and Frank Ortegoza are married and have been at all times relevant to the TAC. (TAC ¶ 9.) The Ortegozas are entitled to receive medical care through the federal TRICARE program by virtue of Mr. Ortegoza's service in the Navy. (Id.) Accordingly, the Ortegozas received medical care at a Navy medical clinic that is operated by TRICARE. (JSUF ¶¶ 6, 9.) Mrs. Ortegoza had worked in this clinic in a clerical capacity since 2000 or 2001, at which time she met Dr. Kho, a physician at the clinic. (Id. ¶¶ 3, 4.) The Ortegozas received medical care from a variety of doctors, including Dr. Kho. (Id. ¶¶ 6, 9.)

Mrs. Ortegoza and Dr. Kho had a sexual relationship that lasted from January 2009 until June 2010. (Id. ¶ 1.) Mrs. Ortegoza alleges that Dr. Kho induced her to participate in sexual conduct under the guise that it would "help" her deal with the psychological conditions for which she had sought treatment. (Id. ¶ 13.) She also alleges that she disclosed to Dr. Kho that Frank Ortegoza had hit her, and that Dr. Kho failed to report this disclosure. (TAC ¶ 17.) However, the parties agree that no physical abuse occurred subsequent to Dr. Kho's failure to report the abuse. (JSUF ¶ 8.) In June 2010, Frank Ortegoza discovered the sexual relationship between Dr. Kho and his wife, which prompted Dr. Kho to end the relationship. (Id. ¶ 7.)

On March 1, 2012, Defendant United States of America removed this medical malpractice action to this Court from the San Diego Superior Court. (*Notice of Removal* [Doc. 1].) On May 20, 2013, the Ortegozas filed their consolidated TAC, alleging two causes of action: (1) Mrs. Ortegoza's medical malpractice claim against Dr. Kho, and (2) Mr. Ortegoza's medical malpractice claim against Dr. Kho. On June 11, 2013, Dr. Kho moved for summary adjudication on the following issues only:

> 1) Whether DEFENDANT PETER KHO, M.D. is liable for medical malpractice by engaging in sexual conduct with PLAINTIFF PORTIA ORTEGOZA under the guise of medical treatment pursuant to the controlling test set forth in *Atienza v. Taub*, 194 Cal. App. 3d 388 (Ct. App. 1987);

---

[1] The parties filed a Joint Statement of Undisputed Facts ("JSUF"). Much of the following background is based on that Joint Statement.

> 2) Whether DEFENDANT PETER KHO, M.D.'s alleged failure to report physical abuse resulted in additional physical abuse, giving rise to a civil action by PLAINTIFF PORTIA ORTEGOZA under California Penal Code § 11160; and
>
> 3) Whether DEFENDANT PETER KHO, M.D. is liable for medical malpractice by breaching a duty of care to PLAINTIFF FRANK ORTEGOZA independent from the abolished tort of "criminal conversation" and Alienation of Affection pursuant to Cal. Civ. Code §§ 43.4, 43.5; *Smith v. Pust*, 19 Cal. App. 4th 263 (4th Dist. 1993).

(Def.'s Mot. 1:11-26.) On December 4, 2013, this Court denied Dr. Kho's motion. (*Order Denying Summary Judgment* [Doc. 78].) On December 16, 2013, this Court granted the parties joint motion to dismiss the United States as a defendant. (*Order Dismissing United States* [Doc. 80].)

Dr. Kho now moves for remand, arguing that the dismissal of the United States as a party has divested this Court of original jurisdiction and that this Court should decline to exercise supplemental jurisdiction over the case under 28 U.S.C. § 1367(c). (*Mot. Remand* 2.) The Ortegozas do not dispute that the Court no longer has original jurisdiction over this matter, but instead suggest that the Court should use its discretion to retain supplemental jurisdiction over the matter. (*Opp'n* [Doc. 84] 4.)

## II.  LEGAL STANDARD

28 U.S.C. § 1367, which applies to cases commenced after December 1, 1990, provides the basis for supplemental jurisdiction:

> Except as otherwise provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

A court can decline to assert supplemental jurisdiction over a pendent claim only if one of the four categories below, specifically enumerated in section 1367(c), applies:

   (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

### III.  DISCUSSION

#### A.  Operation of 28 U.S.C. § 1367(c)

As an initial matter, the Court notes that application of § 1367(c) is more nuanced than either party has indicated.  Under Ninth Circuit precedent, the Court must exercise supplemental jurisdiction unless one of the factors of § 1367(c) is satisfied. *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1555 (9th Cir. 1994) *overruled on other grounds by Cal. Dep't of Water Res v. Powerex Corp.*, 555 F.3d 1087 (9th Cir. 2008).  "Considerations of judicial economy, convenience, and fairness to litigants" guide this Court's discretion only after one of the four § 1367(c) statutory factors is satisfied. *See Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1569 (11th Cir. 1994).

#### B.  Remand is Inappropriate Here[2]

##### 1.  The pending claims do not raise novel or complex issues of state law.

Dr. Kho first argues that there are novel and complex issues of state law which this Court should not determine.  (*Mot. Remand* 5.)  Specifically, Dr. Kho claims that while "Plaintiffs argue that there is *negligence per se* under California Business & Professions Code Section §§ 726-729 (prohibiting sex with a patient)," it is his position that "Portia Ortegoza must prove she entered into the sexual relationship with Dr. Kho under the belief that it was a form of medical

---

[2] The parties appear to agree that the Court has a basis for supplemental jurisdiction.  The Court agrees, as the claims here are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. § 1367.  Indeed, the claims are identical.

care and treatment" pursuant to *Atienza v. Taub*, 194 Cal. App. 3d 388 (1987).  Essentially, it is Dr. Kho's position that the Ortegozas' *negligence per se* theory is contradicted by state law and this Court's possible ruling on the issue "has the potential to either drastically expand the *Atienza* ruling, or to overrule *Atienza* altogether." (*Mot. Remand* 5.)  The Court disagrees.

First, the Court has already analyzed the viability of a *negligence per se* cause of action with respect to California Business & Professions Code Section §§ 726-729.  In its order denying summary judgment, the Court explained why the doctrine of *negligence per se* can apply to the case at bar.  (*Order Denying Summ. J.* 6-9.)  Second, the *Atienza* holding does not directly address or hinge on the doctrine of *negligence per se*, and thus would not be affected by a ruling based upon that doctrine in the case at bar.  Therefore, the Court finds that the claims here do not raise novel or complex issues of state law, as the legal issues that Dr. Kho identifies have already been resolved.

**2.   The claims do predominate over the claims over which the district court had original jurisdiction, and the district court has dismissed all claims over which it had original jurisdiction.**

Dr. Kho next argues that remand is appropriate because the remaining claims will be determined under state law and this Court has "no interest in deciding a case based on California's complex history [sic] Medical Malpractice cases and California law, now that the United States of America has been dismissed with prejudice." (*Mot. Remand* 5.)  Although it is unclear which statutory factor for remand that Dr. Kho advances this argument under, it appears that he is suggesting that the court has no original jurisdiction over either of these claims.  Thus, the Court evaluates this argument as an attempted invocation of § 1367(c)(2) and (3).  The Ortegozas' appear to address the argument in the same manner.  For the following reasons, the Court agrees that it no longer has original jurisdiction over these claims.

As the Ortegozas articulated in the Third Amended Complaint, this Court's jurisdiction over this case is based on 28 U.S.C. § 1346(b), which vests jurisdiction in district courts for claims against the United States. (*TAC* ¶ 5.)  When this Court dismissed the United States as a

defendant, it effectively dismissed all claims over which it had original jurisdiction. The only claims that remain are state law claims against Dr. Kho. On this point, both parties agree. (*See Mot. Remand* 5; *see also Opp'n* 4.) Thus, the Court must decide whether or not to retain supplemental jurisdiction over these claims.

### 3. Although there are statutory grounds that permit the Court to decline to exercise supplemental jurisdiction, the Court will exercise supplemental jurisdiction.

Dr. Kho argues that the Court should exercise its discretion and remand the case because relinquishing jurisdiction is judicially economical. (*Mot. Remand* 5.) Dr. Kho suggests that in light of the recent government shutdown, and "the possibility of future shutdowns," the Court should relinquish jurisdiction so "that its limited resources can be used most effectively." (*Id.*) Dr. Kho goes on to say this case "is very unlikely to settle and will likely take an inordinate amount of this Court's time" and "[t]rial will be lengthy because there are two Plaintiffs, unusual factual circumstances, multiple witnesses, and multiple experts regarding damages." (*Id.* 6.) The Court disagrees.

The exercise of supplemental jurisdiction here will promote judicial economy. Dr. Kho fails to recognize the difference between wasting judicial resources, and using them "effectively." The fact that this case will go to trial and be "lengthy" is of no moment here. This Court has conducted numerous "lengthy" trials in the past, and is prepared to do so in the future. This is precisely what judicial resources are intended to be used for. Moreover, this Court is intimately familiar with the facts and issues in this case, making it wasteful to pass the buck to another court to hear the trial. Remand of this case to another court would also waste time. Dr. Kho's "shutdown" argument is equally unimpressive. He provides no explanation as to how this Court conducting trials contributed to the last government shutdown, or how the trial of this case would lead to a government shutdown in the future.

In light of the foregoing, the Court finds that exercising supplemental jurisdiction over the claims here is the most efficient way of bringing this case to an expeditious resolution.

Because the Court finds, in its discretion, that it is judicially economical to assert supplemental jurisdiction, the Court **DENIES** the motion to remand.  *See Palmer*, 22 F.3d at 1569.

**IV. CONCLUSION & ORDER**

    For the foregoing reasons, the Court **DENIES** Defendant's motion for remand.  [Doc. 82-1.]

    **IT IS SO ORDERED.**

DATED: April 24, 2014

M. James Lorenz

United States District Court Judge